IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRZYSZTOF F. WOLINSKI,

      Plaintiff,                    No. 2:12-cv-1644 WBS EFB P

      vs.

RAFAEL MIRANDA, et al.,

      Defendants.           <u>ORDER</u>

                                /

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 7. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

2

### III. Screening Order

The court has reviewed plaintiff's complaint and for the limited purposes of § 1915A screening and liberally construed, finds that it states a cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Miranda. The complaint's remaining allegations, however, fail to state a cognizable claim for relief.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). It is important

3

to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff does not allege facts showing that defendants Robertson, Lee or Swingle personally participated in violating plaintiff's constitutional rights. He alleges that Robertson provided inadequate medical treatment, but such a conclusory allegation fails to demonstrate sufficient factual matter to support a plausible claim of Eighth Amendment deliberate indifference. Plaintiff also alleges that defendants Lee and Swingle denied his administrative appeal concerning his medical treatment without physically examining plaintiff. But there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). To the extent plaintiff intends to impose liability against any defendant based on the processing of any administrative appeal, he fails to state a claim.

Plaintiff also claims that defendants violated the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Plaintiff has previously raised this claim and been informed that it fails to state a cognizable claim for relief. *See Wolinski v. Junious*, No. 1:10-cv-2139 AWI DLB PC, 2012 U.S. Dist. LEXIS 65889, at *18-19 (E.D. Cal. May 9, 2012) (plaintiff fails to state a claim for violation of CAT because

4

1 CAT does not give rise to a private right of action) (citing *Akhtar v. Reno*, 123 F. Supp. 2d 191,
2 196 (S.D. N.Y. 2000) and *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1149 (E.D. Cal. 1999)).

3       Accordingly, plaintiff may either proceed only on the Eighth Amendment claim against
4 defendant Miranda, or he may amend his complaint to attempt to cure the deficiencies in his
5 claims against defendants Robertson, Lee, and Swingle. Plaintiff is not obligated to amend his
6 complaint. If plaintiff chooses to proceed only on the Eighth Amendment claim against
7 defendant Miranda, the court will construe plaintiff's election as his voluntary dismissal of any
8 remaining claims, including those against defendants Robertson, Lee, and Swingle, without
9 prejudice.

10       Any amended complaint must be written or typed so that it so that it is complete in itself
11 without reference to any earlier filed complaint. L.R. 220. This is because an amended
12 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
13 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
14 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
15 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
16 1967)).

17       Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an
18 amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
19 complaints).

20       Accordingly, the court hereby orders that:

21       1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 7) is granted.

22       2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
23 accordance with the notice to the Director of the California Department of Corrections and
24 Rehabilitation filed concurrently herewith.

25       3. The allegations in the pleading are sufficient at least to state a cognizable Eighth
26 Amendment claim against defendant Miranda.

5

4. All remaining claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the June 20, 2012 complaint, one USM-285 form and instructions for service of process on defendant Miranda. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Miranda will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as his voluntary dismissal of all remaining claims and defendants, without prejudice.

6. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: October 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRZYSZTOF F. WOLINSKI,

       Plaintiff,                      No. 2:12-cv-1644 WBS EFB P

       vs.

RAFAEL MIRANDA, et al.,

       Defendants.               NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____ proceed only with the cognizable claims identified in the court's Screening Order, consent to the dismissal of all remaining claims and defendants, and submits the following documents:

        __1__    completed summons form

        __1__    completed forms USM-285

        __2__    copies of the June 20, 2012 complaint

**OR**

    (2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                            Plaintiff